# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN J. MATHIS, | ) CASE NO. 1:22-cv-1796 |
| Plaintiff, | ) |
| v. | ) |
| RBT SERVICES, INC. d/b/a RAIL BARGE TRUCK SERVICES, INC., INTERNATIONAL FEED CORPORATION, INTERNATIONAL FEED LOGISTICS LLC, JOHN DOE, and UNKNOWN BUSINESS, | ) |
| Defendants. | ) |

**DEFENDANT INTERNATIONAL FEED CORPORATION'S NOTICE OF REMOVAL**

Defendant International Feed Corporation removes this action from the Marion County Indiana Superior Court 4, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and based on the following facts:

## BACKGROUND

1. Plaintiff Dustin J. Mathis ("Plaintiff") filed this action on August 29, 2022, in the Marion County Indiana Superior Court 4, and the case was docketed as Cause No. 49D04-2208-CT-029807. The Clerk for Marion County Superior Court issued a Summons for International Feed Corporation on August 30, 2022, and International Feed Corporation received a copy of the Summons and Complaint on September 6, 2022, by certified mail. The State Court Record from the Marion County Superior Court is attached hereto, pursuant to Local Rule 81-2. Pursuant to the same rule, a copy of the Complaint is attached hereto.

2. This notice of removal is filed within 30 days of service of process and, therefore, is timely under 28 U.S.C. § 1446(b).

3. The time for Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

4. The United States District Court for the Southern District of Indiana, Indianapolis Division encompasses Marion County. Thus, this Court is the proper venue for the action pursuant to 28 U.S.C. § 1441(a).

5. By filing a Notice of Removal in this matter, International Feed Corporation does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and International Feed Corporation specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

I. **THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THE PARTIES ARE COMPLETELY DIVERSE AND THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.**

A. **The Parties are Completely Diverse.**

6. Plaintiff Dustin J. Mathis is a resident and citizen of the State of Indiana with a principal residence located in Indianapolis, Indiana.

7. Defendant International Feed Corporation is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota. Accordingly, International Feed Corporation is a citizen of Minnesota. 28 U.S.C. § 1332(c)(1).

8. Defendant International Feed Logistics LLC is an LLC organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota. Further, International Feed Logistics LLC's sole member is KCB Holdings Corp, which is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota. Accordingly, International Feed Logistics LLC is a citizen of Minnesota. 28 U.S.C. § 1332(c)(1).

9. Defendant RBT Services, Inc. is a corporation incorporated in the Commonwealth of Kentucky with its principal place of business in Kentucky. Accordingly, RBT Services, Inc. is a citizen of Kentucky. 28 U.S.C. § 1332(c)(1).

10. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded.

11. In accordance with 28 U.S.C. § 1332(a)(1), complete diversity of citizenship exists because Plaintiff is not a citizen of the state of which any Defendants are citizens. Furthermore, this action is removable because no Defendants are citizens of the state in which this action was commenced. *See* 28 U.S.C. § 1441(b)(2).

B. **The Amount-In-Controversy Requirements is Satisfied.**

12. Indiana Rule of Trial Procedure 8(A)(2) prohibits inclusion of any dollar amount or figure in a complaint seeking damages for personal injury. However, the extent and severity of the injuries alleged in Plaintiff's Complaint establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

13. Where, as here, a complaint lacks a definite recovery demand, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

14. When a plaintiff "claims to have suffered injury, some of which is permanent, physical pain and mental suffering (which [] will continue in the future), and medical expenses and treatment (which [] will [also] continue in the future) . . ., [i]t is facially apparent from the complaint that the controversy exceeds $75,000." *Bunch v. Wal-Mart*, No. 1:09-CV-071, 2009 WL 1076162, at *2 (N.D. Ind. Apr. 20, 2009). "Certainly, it does not appear to a legal certainty that the claim is really for less than $75,000." *Id.* at *3.

15. Here, Plaintiff alleges he "suffered serious injuries, including without limitation severance of his left hand, after becoming entangled with a [commercial conveyor machine]." (Compl. ¶¶ 1, 15-22.) He alleges he was unloading product from a truck using the conveyor machine when it became clogged. (*Id.* ¶¶ 14, 17.) Allegedly, the conveyor reengaged when Plaintiff attempted to clear the clog, he became entangled in the machine and "suffered severe injuries." (*Id.* ¶ 22.) Plaintiff asks for a judgment "commensurate with his injuries and damages . . . ." (*Id.* at p. 5.)

16. Based on these allegations, including severance of Plaintiff's hand, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**II.     ADDITIONAL REQUIREMENTS FOR REMOVAL**

17. Pursuant to 28 U.S.C. § 1446(b)(2)(A), only defendants properly joined and served must join in or consent to removal. Indiana Rule of Trial Procedure 4.15(A) requires Plaintiff to deliver a return of service to the clerk stating whether service was made. No such return has been filed on the state court docket as of the filing of this Notice of Removal. (See State Court Record.) Therefore, Defendants International Feed Logistics LLC and RBT Services, Inc. need not join in or consent to this removal.

18. Consent from defendants sued under fictitious names is not required because they have not been properly joined and served. *See* 28 U.S.C. § 1446(b)(2)(A).

19. As required by 28 U.S.C. § 1446(a), International Feed Corporation attaches hereto the State Court Record which contains all process, pleadings, and orders served upon it in this action.

20. International Feed Corporation's Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as the United States District Court for the Southern District of Indiana, Indianapolis Division embraces Marion County, Indiana, where Plaintiff's action is pending.

21. Concurrent with the filing of this Notice, International Feed Corporation is filing a Civil Cover Sheet.

22. Pursuant to Federal Rule of Civil Procedure 7.1, concurrent with the filing of this Notice, International Feed Corporation is filing its Corporate Disclosure Statement.

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and a copy of it is being filed with the Marion County Superior Court where this case was originally filed.

## CONCLUSION AND PRAYER

Removal of this case is just and proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. All conditions and procedures for removal have been satisfied. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, International Feed Corporation respectfully requests that this Action be removed to this Court and that no further proceedings be had in the Marion County Superior Court,

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any questions arise as to the propriety of this removal, International Feed Corporation respectfully requests an opportunity to provide briefing and oral argument.

        Respectfully submitted,

        FROST BROWN TODD LLC

By:   */s/ Blake N. Shelby*
      Blake N. Shelby, 28064-29

        and

        Joseph P. Ceronsky (*pro hac vice to be filed*)
        MASLON LLP
        3300 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN  55402-4140
        joseph.ceronsky@maslon.com

        *Attorneys for Defendant International Feed Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 13th day of September, 2022 a copy of the foregoing document was filed electronically. Service of this filing will be made on all registered counsel by electronic mail on the following

Eric S. Pavlack,
Colin E. Flora
PAVLACK LAW, LLC
50 E. 91st Street, Suite 305
Indianapolis, IN 46240
eric@pavlacklawfirm.com
colin@pavlacklawfirm.com
*Attorneys for Plaintiff*

                                            */s/Blake N. Shelby*
                                            Blake N. Shelby

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
bshelby@fbtlaw.com

EN20792.Public-20792   4894-6677-0483v1