| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

DUSTIN J. MATHIS,

    Plaintiff,

v.

RBT SERVICES, INC. d/b/a RAIL BARGE TRUCK SERVICES, INC., INTERNATIONAL FEED CORPORATION, INTERNATIONAL FEED LOGISTICS LLC, JOHN DOE, and UNKNOWN BUSINESS,

    Defendants.

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

Plaintiff Dustin J. Mathis, by counsel, for his Complaint for Damages against Defendants, RBT Services, Inc. d/b/a Rail Barge Truck Services, Inc., International Feed Corporation, International Feed Logistics LLC, JOHN DOE, and UNKNOWN BUSINESS, respectfully alleges and states as follows:

1. On or about September 2, 2020, Plaintiff Dustin J. Mathis suffered serious injuries, including without limitation severance of his left hand, after becoming entangled with a piece of equipment that was furnished, serviced, and/or maintained by International Feed Corporation and/or International Feed Logistics LLC (collectively "International Feed") and maintained and/or serviced by RBT Services, Inc. d/b/a Rail Barge Trucking Services, Inc. ("RBT").

1

## PARTIES

2. RBT Services, Inc. is a for-profit corporation incorporated in the Commonwealth of Kentucky.

3. Rail Barge Truck Services, Inc. is an assumed name under which RBT Services, Inc. does business.

4. RBT Services, Inc. is a for-profit corporation incorporated in the Commonwealth of Kentucky.

5. RBT Services, Inc.'s registered agent for service in the Commonwealth of Kentucky is William F. Hart, Jr., 218 Corporate Drive, Elizabethtown, KY 42701.

6. International Feed Corporation is a for-profit corporation incorporated in the state of Minnesota.

7. International Feed Corporation's chief executive officer is Bernard D Kaiser, 2500 Shadywood Road, Suite 300, Excelsior, MN 55331.

8. International Feed Logistics LLC is a limited liability company registered in the state of Minnesota.

9. International Feed Logistics LLC's registered agent for service in the state of Indiana is Brian Davis, 321 Wisconsin Street, Indianapolis, IN 46225.

10. JOHN DOE is a presently unknown person in accordance with Indiana Trial Rule 17(F). *See Miller v. Danz*, 36 N.E.3d 455 (Ind. 2015).

11. JOHN DOE was the operator of the truck Plaintiff was unloading at the time of Plaintiff's injuries.

12. UNKNOWN BUSINESS is a presently unknown person in accordance with T.R. 17(F). *See Miller*, 36 N.E.3d 455.

13. UNKNOWN BUSINESS was the principal/employer of JOHN DOE for whom JOHN DOE was in the service of an acting within the course and scope of his employment at the time of Plaintiff's injuries.

## FACTS

14. On or about September 2, 2020, Plaintiff was unloading product from a truck operated by JOHN DOE on behalf of Unknown Business.

15. Plaintiff used a conveyor machine provided, serviced, and/or maintained by International Feed.

16. The conveyor was manufactured, serviced, and/or maintained by RBT Services, Inc. d/b/a Rail Barge Truck Services, Inc.

17. While unloading the product from the truck operated by JOHN DOE, the conveyor became clogged and/or jammed.

18. JOHN DOE, acting within the course and scope of his employment with UNKNOWN BUSINESS, acted negligently to be a cause of the clog and/or jam of the conveyor

19. Another cause of the clog and/or jam of the conveyor was the failure to properly service and/or maintain the conveyor.

20. The duties to service and/or maintain the conveyor were upon International Feed and RBT.

21. In order to clear the clog and/or jam, Plaintiff disengaged the conveyor.

22. While clearing the clog and/or jam, due to the negligent service and/or maintenance, the conveyor became reengaged, causing the conveyor belt to begin moving and causing Plaintiff to become entangled with the conveyor, suffering severe injuries.

## CAUSES OF ACTION

23. The following is a non-exhaustive list of causes of action supported by the facts of this case. *ARC Constr. Mgmt., LLC v. Zelenak*, 962 N.E.2d 692, 697 (Ind. Ct. App. 2012) ("Under Indiana's notice pleading system, a pleading need not adopt a specific legal theory of recovery to be adhered to throughout the case."). These causes of action shall not in any way limit the legal bases for liability or recovery in this case.

## COUNT I: NEGLIGENCE

24. Plaintiff incorporates the allegations set forth above as though set forth fully here.

25. Each Defendant owed duties of reasonable care to Plaintiff.

26. Through their respective conduct described above, each Defendant breached its duty of care to Plaintiff.

27. Those breaches each were actual and proximate causes of the injuries suffered by Plaintiff.

28. Because of those breaches, Plaintiff has been damaged and suffered severe injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dustin J. Mathis prays for judgment against the Defendants in an amount commensurate with his injuries and damages, for costs of this action, prejudgment interest as allowed by law, and for all other just and proper relief.

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully demands a jury trial on all of his claims.

Respectfully submitted,

/s/ *Eric S. Pavlack*
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
PAVLACK LAW, LLC
50 E. 91st St., Ste. 305
Indianapolis, IN 46240
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*